## Morley v. Pittsburgh

Before Soffel, Weiss and Cercone, JJ.

*Louis Vaira*, for plaintiff.

*Charles N. Caputo*, assistant city solicitor, and *John A. Metz*, for defendant.

CERCONE, J., November 20, 1958.—This is an amicable action in mandamus in which the court is asked to adjudicate the rights of plaintiff, Suzanne R. Morley, as executrix of the estate of her husband, Chester B. Morley, to a pension in the Policemen's Relief and Pension Fund of the City of Pittsburgh. Mr. Morley, deceased, as secretary-treasurer of the fund during his lifetime, voluntarily declined pension payments during a period of six years from February 1, 1952, through January 31, 1958, amounting to $9,769.35, and which plaintiff claims does rightfully belong to her husband's estate.

Defendant, Policemen's Relief and Pension Fund of the City of Pittsburgh, is a fund created in the city for

the care, maintenance and relief of aged, retired and disabled employes of the Bureau of Police of the city by the Act of May 22, 1935, P. L. 233, as amended, 53 PS §23644, et seq. The City of Pittsburgh is required by the provisions of this act to annually pay into the policemen's relief and pension fund sums and amounts sufficient to maintain the pensions and service increments due under the statute.

Prior to his death on May 23, 1958, Mr. Morley was secretary-treasurer of the policemen's relief and pension fund. Up to February 1, 1952, he served in this capacity without salary or other compensation, although he had been eligible and was receiving a pension paid monthly out of the pension fund. In January 1952 the board of managers of the fund adopted a resolution pursuant to authority provided in the aforementioned statute, fixing a salary for Mr. Morley for his work as secretary-treasurer of the fund, said salary beginning on February 1, 1952. Mr. Morley received his salary until his death on May 23, 1958. From the time he began receiving the salary until shortly before he died, and without any action by or knowledge of the policemen's pension fund board, Mr. Morley voluntarily suspended his own pension payments from the fund, under the belief that he was employed by the City of Pittsburgh and required to suspend payments to himself of the pension by the provisions of section 16 of the aforesaid statute, which provides as follows:

"Any beneficiary of the fund who may obtain employment in the service of the city itself or county or State, or any political subdivision thereof, shall suffer suspension of his pension from the fund during the time of such employment."

On February 1, 1958, Mr. Morley made written demand upon the fund for payment of his pension for

the period he voluntarily refused to receive it. No interest is claimed.

The court is of the firm opinion that plaintiff is entitled to the pension fund of her deceased husband. As secretary-treasurer of the policemen's pension fund Mr. Morley was not in the service of the city or county or State, or any other political subdivision. When he voluntarily suspended his own pension payments, he did so under a mistake of fact and a mistake of law in the belief that he was an employe of the city. If Mr. Morley had known the nature, character and status of his employment, it is reasonable to assume he would never have waived or relinquished his right to receive his pension payments out of the fund. An unintentional relinquishment of one's rights arising out of a mistaken understanding of facts does not constitute a waiver of those rights: Pennsylvania Company for Banking and Trusts v. Ernst, 72 D. & C. 573, 583. Every reasonable intendment is indulged against the waiver of fundamental rights, and the courts do not presume acquiescence in their loss: 56 Am. Jur. 123, §22.

The statute under which the pension fund was created must be given a "fair and reasonable construction with a view to effecting its purpose and object, even if it be necessary, in so doing, to restrict somewhat the force of subsidiary provisions that otherwise would conflict with the paramount intent": Kane v. Policemen's Relief and Pension Fund of Pittsburgh, 336 Pa. 540, 546. The fund was created for the care, maintenance and relief of the aged. During his lifetime Mr. Morley was entitled to his pension payments. The fact that he gave it up under the circumstances he did is eloquent tribute to his high sense of honesty, conscientiousness and good citizenship. These virtues are not to be turned into liabilities.

Plaintiff is entitled to judgment on the pleadings for the full amount of the pension as set forth in the agreed statement of facts contained in this amicable action, namely, $9,769.35.

### Order

And now, November 20, 1958, after argument before the court en banc, plaintiff's motion for judgment on the pleadings is sustained, and judgment is hereby entered for plaintiff against Policemen's Relief and Pension Fund of the City of Pittsburgh for $9,769.35.

Eo die, exception noted to defendant, Policemen's Relief and Pension Fund of the City of Pittsburgh, and bill sealed.